**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTOPHER ABBOTT,**

     **Plaintiff,**

**v.**                                              **Case No: 5:25-cv-567-ACC-PRL**

**AMERICAN BANKERS INSURANCE**
**COMPANY OF FLORIDA,**

     **Defendant.**

_____

**ORDER**

This cause comes before the Court on Defendant's Motion to Compel Plaintiff to Comply with American Bankers' Notice of Entry Upon Land for Inspection ("Motion to Compel Inspection"). (Doc. 36). Defendant moves to compel an inspection of the subject property located at 11601 W. Brightwater Court, Homosassa, Florida 34448 (the "Property"). (*Id*.). While Plaintiff objects to the inspection of the Property (Doc. 36-2), Plaintiff did not file a response to Defendant's motion, and the time for doing so has expired. *See* M.D. Fla. Local Rule 3.01(d). For the reasons explained below, Defendant's Motion to Compel Inspection is due to be granted.

## I.    BACKGROUND

On September 12, 2025, Plaintiff filed a Complaint for Damages ("Complaint") against Defendant for breach of contract related to an insurance coverage dispute arising from flood-related damage to the Property from Hurricane Helene, which occurred in September 2024. (*See* Doc. 1). Defendant is a Write-Your-Own Program Carrier that issued Plaintiff a

Standard Flood Insurance Policy in connection with its participation in the National Flood Insurance Program. (*See id*. at ¶ 9).

On November 26, 2025, Defendant filed a Motion to Stay Litigation, seeking a 90-day stay of this case to investigate the claim, inspect the Property, and provide Plaintiff with a coverage decision on his insurance claim. (Doc. 25). In the Motion to Stay Litigation, Defendant contended that "[a]s a result of Plaintiff's failure to make a Hurricane Helene claim prior to [this] suit, [Defendant] ha[d] not been provided with an opportunity to inspect the insured [P]roperty, assess the claimed damage, and make a coverage determination." (*Id*. at p. 2). The Court denied Defendant's Motion to Stay Litigation as moot, noting that Defendant had been given an extension to respond to Plaintiff's Complaint. (Doc. 30).

On January 14, 2026, the Court issued a Case Management and Scheduling Order, setting the discovery deadline for May 4, 2026, and the dispositive, *Daubert*, and *Markman* motions deadline for May 18, 2026. (Doc. 32). Shortly thereafter, on January 20, 2026, Defendant served Plaintiff with a Notice of Entry Upon Land for Inspection ("Notice to Inspect"), after several unsuccessful attempts to inspect the Property. (Doc. 36 at p. 4; *see* Doc. 36-1). The Notice to Inspect notified Plaintiff that on February 9, 2026 at 1:00 p.m., a representative from Allcat Claims intended to enter the Property for "inspection, diagramming, photographing, electronic recording, measurement and/or documenting the alleged damages to the Property as advanced in this litigation." (Doc. 36 at p. 4; *see* Doc. 36-1 at pp. 2-3).

On February 5, 2026, four days before the noticed inspection date, Plaintiff served Defendant his objection to the Notice to Inspect, claiming that "Defendant has related that the purpose of such an inspection is to adjust the loss (the flood insurance claim that is the

subject of the Complaint) due to Defendant's previous failure to make an adjustment of the loss, including a failure by the insurer to conduct an inspection of the property." (Doc. 36 at p. 5; *see* Doc. 36-2 at p. 2). Following Plaintiff's objection, and in subsequent discussions between counsel, Defendant indicates that "Plaintiff ha[d] explained that, while [he] is willing to permit an inspection for the purpose of th[is] litigation, [he] *is not* willing to permit an inspection for the purpose of [Defendant's] adjustment of the claim." (Doc. 36 at p. 5) (emphasis in original).

Defendant now files the instant Motion to Compel Inspection pursuant to Federal Rule of Civil Procedure 34(a)(2), requesting to inspect the Property that is the subject of this action. (Doc. 36). Defendant states that it has not been granted access to inspect the Property to date, as Plaintiff refuses to permit Defendant to conduct an unqualified or unrestricted inspection. (*Id*. at p. 7). Defendant points out that this suit was the first indication that the Property sustained flood damage from Hurricane Helene, since "Plaintiff never properly reported a claim" and "fail[ed] to make a Hurricane Helene claim prior to [filing this] suit." (*Id*. at p. 3). Defendant indicates that it has not been provided with an opportunity to inspect the Property pre-suit, assess the claimed flood damage, and make a coverage determination due to Plaintiff's failure to make a claim prior to this suit. (*Id*.). Plaintiff has not filed a response to Defendant's Motion to Compel Inspection, and the time for filing a response has now passed. *See* M.D. Fla. Local Rule 3.01(d). Discovery in this matter closed on May 4, 2026. (Doc. 32 at p. 1).[1]

---

[1] The Court notes that Defendant filed a Motion for Extension of Certain Deadlines in the Case Management Report on May 20, 2026, requesting an extension of several case management deadlines, including discovery-related deadlines. (Doc. 37). Defendant indicates that Plaintiff disagrees with the relief sought in the motion. (*Id*. at p. 5). Defendant's motion (Doc. 37) will be addressed by a separate Order in due course.

## II.    LEGAL STANDARDS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (per curiam). Courts have broad discretion in managing their cases, including the management of pretrial activities, such as discovery and scheduling. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004); *Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (citing *Johnson v. Bd. of Regents of Univ. Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 34 permits a party to request permission to enter land to conduct an inspection. *See* Fed. R. Civ. P. 34(a)(2) (providing that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it"). Requests "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." *See* Fed. R. Civ. P. 34(b)(1)(B). If a party "fails to permit inspection[,] as requested under Rule 34[,]" the party seeking discovery "may move for an order compelling an . . . inspection." *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

In accordance with Rule 26(b), "[a] court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion." *See Alum Fund, LLC v. Greater Nevada Credit*

*Union*, No. 2:23-cv-1159-JLB-KCD, 2024 WL 1907276, at \*2 (M.D. Fla. May 1, 2024) (citations omitted). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. . . . Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." *Bemesderfer v. United Parcel Serv., Inc.*, No. 6:22-cv-270-PGB-EJK, 2023 WL 2810703, at \*2 (M.D. Fla. Apr. 6, 2023) (citations and internal quotation marks omitted).

## III. DISCUSSION

This matter revolves around flood damage allegedly caused by Hurricane Helene to the Property and whether Defendant failed to fulfill its insurance obligations under the Standard Flood Insurance Policy issued to Plaintiff. Plaintiff's allegations in the Complaint placed at issue the damage and condition of the subject Property. (*See* Doc. 1). Consequently, Defendant now has the right to inspect the insured Property and determine the extent of the flood damage caused by Hurricane Helene. To find otherwise and deny Defendant the opportunity to inspect the Property would overly burden Defendant's ability to defend itself in this matter. As such, Defendant's request to inspect the Property falls within the bounds of permissible discovery.

Although Plaintiff does not appear to contest Defendant's right to inspect the Property, Defendant represents that Plaintiff is not willing to permit an inspection for Defendant's adjustment of the claim, given "Defendant's previous failure to make an adjustment of the loss, including a failure by the insurer to conduct an inspection of the [P]roperty." (*See* Doc. 36 at p. 5; Doc. 36-2). To the extent that Plaintiff argues that Defendant's Notice to Inspect improperly expands inspection beyond assessing the claimed damage, such contention is

unpersuasive, as it fails to provide a basis to deny inspection of the Property here. As noted above, the instant action is based on a claim for flood damage at the subject Property. It appears that no inspection of the Property has been conducted since Plaintiff filed the Complaint over nine months ago on September 12, 2025. (*See* Doc. 36 at pp. 1-3, 6-7). In fact, Defendant has yet to be provided with an opportunity to inspect the insured Property, assess the claimed flood damage, and issue a coverage determination. Even so, regardless of whether any previous inspections of the Property occurred (including pre-suit inspections), Defendant filed the Motion to Compel Inspection (Doc. 36) while it was conducting discovery regarding the parties' claims and defenses, in which the claimed flood damage to the Property is highly relevant to Plaintiff's claim. *See Nat'l Auto Lenders, Inc. v. Syslocate, Inc.*, No. 09-21765-CIV, 2012 WL 12842789, at \*3 (S.D. Fla. May 21, 2012) (finding that there was a reasonable basis to inspect the subject units, considering the parties' claims and defenses in the case); *see generally Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) (recognizing that the discovery rules are designed to "allow the parties to develop fully and crystallize concise factual issues for trial[,]" and "are to be broadly and liberally construed") (citations omitted).

Defendant's Notice to Inspect is clear as to what it will entail: the representative will "enter upon the land and building of the Plaintiff . . . for purposes of *inspection*, diagramming, photographing, electronic recording, measurement and/or documenting the *alleged damages to the Property as advanced in this litigation*." (*See* Doc. 36-1 at pp. 2-3) (emphasis added). As stated in its Motion to Compel Inspection, Defendant seeks the "opportunity to conduct an unqualified or unrestricted inspection" of the subject Property, and Plaintiff's refusal to permit such an inspection of the Property does not allow Defendant to "fully prepare its defense in this litigation." (*See* Doc. 36 at pp. 6-7). The Court declines to deny or withhold the inspection

based on Plaintiff's vague concerns about the adjustment of his claim. As no inspections have been conducted since Plaintiff filed the Complaint, Defendant should be permitted to inspect the Property. *See, e.g.*, *Pauly v. Hartford Ins. Co. of the Midwest*, No. 2:23-cv-259-SPC-KCD, 2023 WL 5173766, at *2 (M.D. Fla. Aug. 11, 2023) (permitting insurer's inspection of plaintiff's property that was allegedly damaged for the "contractor/roofer [to] . . . measure, survey, and photograph the condition of the interior and exterior of the property" and for the "engineer [to] . . . inspect the claimed damage") (internal quotation marks omitted); *Llanten v. Am. Sec. Ins. Co.*, No. 8:16-cv-2835-T-35JSS, 2017 WL 951629, at *4 (M.D. Fla. Mar. 10, 2017) (permitting insurer's inspection of plaintiff's property that was allegedly damaged); *Sailboat Pointe Condo. Ass'n, Inc. v. Aspen Spec. Ins. Co.*, No. 08-61129, 2009 WL 10667434, at *3-4 (S.D. Fla. Mar. 30, 2009) (permitting insurer's inspection of plaintiff's property that was allegedly damaged from Hurricane Wilma).

As a final matter, although Defendant did not request fees or expenses, Rule 37 contemplates them if a motion to compel is granted. See Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conducted necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust"). The Court finds Plaintiff's objection to the inspection substantially justified. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the

appropriateness of the contested action.") (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (explaining that "an individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action'") (citing *Pierce*, 487 U.S. at 565). Thus, no such relief is warranted here.

## IV.   CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Defendant's Motion to Compel Plaintiff to Comply with American Bankers' Notice of Entry Upon Land for Inspection (Doc. 36) is **GRANTED**.

   a. Defendant will be permitted to enter Plaintiff's Property to conduct an inspection in accordance with the Notice of Entry Upon Land for Inspection (Doc. 36-1).

   b. The inspection shall occur on or before **July 1, 2026**.

   c. On or before **June 9, 2026**, the parties shall meet and confer to agree on a mutually agreeable date and time for the inspection as set forth above.

   d. On or before **June 12, 2026**, the parties shall file a joint notice setting forth the date and time of the inspection.

(2) Given that discovery is now closed (Doc. 32), and absent a Court-ordered extension, this Order permits the inspection only, and does not otherwise extend any other deadlines, including the discovery deadline, in this case.

- 9 -

**DONE** and **ORDERED** in Ocala, Florida on June 1, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties